IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

BETTY RIDDLE,

    Plaintiff,

vs.

Case No: 5:09-CV-444-OC-28GRJ
Judge:

FLORIDA DEPARTMENT OF CORRECTIONS;
MICHAEL W. MOORE, in his official capacity as
Secretary of the Florida Department of
Corrections; FLORIDA OFFICE OF
THE INSPECTOR GENERAL; WALT MURPHREE,
in his official capacity as Inspector General,
CHRIS SUTHERLAND, in her official capacity as
Warden of LOWELL CORRECTIONAL
INSTITUTION, and JOHN DOES and
JANE DOES, unknown policy makers and
supervisors of operations and employees
of the LOWELL CORRECTIONAL FACILITY, a
facility under operation of the State of Florida
Department of Corrections, and TROY SAUNDERS,
an individual,

    Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff, BETTY RIDDLE, by and through her undersigned attorney, and sues Defendants, THE FLORIDA DEPARTMENT OF CORRECTIONS, THE FLORIDA OFFICE OF THE INSPECTOR GENERAL, and JOHN DOES and JANE DOES , unknown policy makers and supervisors of operations and employees of the LOWELL CORRECTIONAL FACILITY, a facility under operation of the State of Florida Department of Corrections:

## NATURE OF CASE

1.  Plaintiff, BETTY RIDDLE, is a Florida citizen incarcerated in the Lowell Correctional Institute in Ocala, Florida. While incarcerated there, Ms. Riddle complained to agents of the Inspector General's Office of various and multiple sexual assaults on her person by a prison guard/correctional officer named Troy Saunders. Agents from the Inspector General's Office required Ms. Riddle to wear a recording device to catch Officer Saunders making incriminating statements. Ms. Riddle informed the Inspector General that it was not Saunders' intent to make statements, but to have sex. While wearing a tape recorder taped to her back, Ms. Riddle again approached Mr. Saunders in an attempt to illicit testimony as requested by the Inspector General. Ms. Riddle was then raped by Officer Saunders.

## JURISDICTION AND VENUE

2.  This is an action brought under 42 U.S.C.A. §1981 and 42 U.S.C.A. §1983, and pendent state law.

3.  This Court has jurisdiction over the federal law claims pursuant to 42 U.S.C.A. §1981 and 42 U.S.C.A. 1983, and this Court has pendant and supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367(a).

4.  The Middle District of Florida is an appropriate venue for this action under 28 U.S.C. §1391(b)(1) and (b)(2) because the plaintiff and defendants reside in this district and because a substantial part of the events or omissions giving rise to the claims(s) occurred in this district.

## PARTIES

5. Plaintiff, Betty Riddle (hereinafter "Plaintiff") is a citizen of the State of Florida, and was at all times relevant to this action, an inmate at the LOWELL CORRECTIONAL INSTITUTION (hereinafter "Lowell" or "Lowell Correctional"), Ocala, Florida, and was in the care, custody and control of the Warden, staff, and personnel of Lowell, and the agents and operatives of the Office of the Inspector General.

6. Defendant, FLORIDA DEPARTMENT OF CORRECTIONS, is an administrative agency of the State of Florida, created and existing by virtue of the Constitution and laws of the State of Florida, and is empowered by the State to act through its governing body, its officials, employees and official bodies. The Department of Corrections is empowered by the State of Florida to regulate and maintain the State's correctional system including LOWELL CORRECTIONAL INSTITUTION.

7. Defendant, MICHAEL W. MOORE, is the Secretary of the Florida Department of Corrections. He is sued in his official capacity only.

8. Defendant, Office of the Inspector General, is a legal agency of the Bureau of State Investigations and the Bureau of Internal Audit and was at all times relevant hereto responsible for the criminal and internal affairs investigations, contract systems analysis, internal audits and safety and risk management programs of the LOWELL CORRECTIONAL INSTITUTION.

9. Defendant, WALT MURPHREE, is the Inspector General. He is sued in his official capacity only.

10. Defendant, CHRIS SUTHERLAND, is the Warden of Lowell Correctional.

He is sued in his official capacity only. Defendant, CHRIS SUTHERLAND, in his official capacity as Warden was responsible for the management and operation of the Lowell Correctional Institution, for providing humane care and treatment to inmates confined therein, for establishing policies, practices, customs, procedures and regulations for the operation of the Correctional Institution, for the hiring, supervision, and discipline of employees thereof, and for ensuring that such employees adhere to the Constitutions and laws of the United States and of the State of Florida . Defendant SUTHERLAND was a public official acting under color of state law and an individual whose edicts and acts may fairly be said to represent official policy of the Florida Department of Correction as it relates to the operation of the Lowell Correctional Institution.

11. Defendants, John and Jane Doe Nos. 1 through 4, are individuals whose edicts and acts may fairly be said to represent official policy of the Department of Corrections, The Inspector General's Office, and/or Lowell Correctional Institution, as it relates to the operation of the Lowell Correctional Institution.

12. Defendant, TROY SAUNDERS, at all times relevant hereto, was domiciled in the district, and was an employee of the DEPARTMENT OF CORRECTIONS assigned to the LOWELL CORRECTIONAL INSTITUTION, and was acting in the course and scope of his employment and individually.

## PROCEDURAL REQUIREMENTS

13. Pursuant to §768.28(6)(a), Plaintiff has provided proper notice to the State of Florida Department of Insurance and the Department of Corrections, prior to the filing of this action.

14. Plaintiff exhausted her administrative remedies prior to the filing of this action, as set forth below, ultimately reported the acts complained of and cooperated in the prosecution of the Defendant, TROY SAUNDERS.

## FACTUAL STATEMENT

15. Plaintiff was initially incarcerated at the Lowell Correctional Institution on or about December of 2005.

16. At all times relevant hereto, the Lowell Correctional Institution was overcrowded and understaffed. There were far more inmates than its capacity permitted. These conditions resulted in an intolerable risk of violence against inmates, both from other inmates, and due to the lack of proper training and supervision, by employees and staff.

17. Sometime in December of 2005, the Defendant, TROY SAUNDERS, acting under the color of authority as a Lowell Correctional Officer removed Plaintiff from her cell and took her to an staff bathroom. No supervisor, manager or other corrections' employee questioned or attempted to stop Defendant Saunders from so doing.

18. While in the staff bathroom (and in other places outside the dorm) and while in the course and scope of his employment, the Defendant Saunders assaulted, battered, and sexually molested and abused the Plaintiff.

19. This type of attack occurred no less than three (3) times during Ms. Riddle's initial stay in December of 2005.

20. Despite being absent from his assigned post, and despite the Plaintiff being removed from her assigned location in this facility, no one searched for either of them, or questioned their absence during the time period of the assault.

21. Defendant Saunders threatened and coerced Plaintiff following the assault(s), and told her that she would be punished, locked-up (shackled) and placed in solitary confinement if she mentioned anything to anyone.

22. Plaintiff was terrified that if she came forward, Defendant would indeed follow through with his threats. She saw that he had harassed others all without anyone taking any action to prevent such behavior.

23. Plaintiff had no effective method of reporting the incidents or her fear of retaliation, due to the failure of the Defendants to provide a meaningful and effective policy and procedure for inmates to report such behavior; (and/or due to the inadequate supervision, training and hiring of staff to prevent such actions in the first place.)

24. The assault on Plaintiff violated Plaintiff's substantive due process right to be free from sexual abuse.

25. Ms. Riddle eventually was transferred to a different Dorm (away from Mr. Saunders' detail).

26. Ultimately, Ms. Riddle was too afraid to file a complaint, and knew she would be leaving after serving a brief sentence. Indeed, she was released shortly thereafter.

27. On or about June 27, 2007, Ms. Riddle returned to Lowell Correctional on unrelated charges.

28. She was placed back in "R & O" dorm and was once again under the purview of Troy Saunders. Again, Mr. Saunders coerced her into performing various sex acts on him by threat of force and confinement for non-compliance.

29. Ms. Riddle, knowing she would now be serving a five (5) year mandatory-

minimum sentence, knew she would be tormented for the rest of her sentence if she did not act.

30. Finally, on one occasion after being approached by Mr. Saunders and being told to prepare herself for his next sexual request, Ms. Riddle wrote and filed with the Inspector's Office of Lowell Correctional, a letter explaining her predicament.

31. On October 2, 2007, Ms. Riddle was called into the medical unit ostensibly for a medical checkup. However, upon entering the unit, there were four (4) people to see her, of which included two (2) Inspectors from the Inspector General's Office.

32. The Inspectors requested Ms. Riddle recount everything that had happened as it concerned Mr. Saunders and she complied.

33. One of the Inspectors commented to Ms. Riddle that they had been trying to catch Mr. Saunders on related complaints for a "long time".

34. Another Inspector asked Ms. Riddle to sign a "consent to wear a wire." Ms. Riddle was unaware that she had the choice to opt out of wearing a wire.

35. Ms. Riddle was asked by the Inspectors, and Captain Arnold of Lowell Correctional, to not only wear a wire, but to surreptitiously solicit incriminating statements from Mr. Saunders by baiting him.

36. Ms. Riddle expressed her concern about baiting Mr. Saunders and explained to the Inspectors that Mr. Saunders had propositioned sexual *acts*, not conversations, and that he was expecting to have sex with her in one of the staff bathrooms.

37. The Inspectors and Captain Arnold assured Ms. Riddle that she would be safe, and that they would intervene before any physical harm or touching would befall Ms.

Riddle.

38. After using medical tape to affix a mini-cassette dictaphone to the upper back/lower neck of Ms. Riddle, the Inspectors and Captain Arnold coordinated a plan to get Ms. Riddle to rendevous with Mr. Saunders at the agreed upon meeting place, the private staff bathroom which Mr. Saunders had used to rape Ms. Riddle on previous occasions.

39. Mr. Saunders placed a "cleaning" sign outside the bathroom to prevent interruptions.

40. Wondering why Ms. Riddle complied with his sexual requests without hesitation this time, Mr. Saunders asked Ms. Riddle if she was bugged and forced her to strip in front of him.

41. While inspecting Ms. Riddle who was now naked, he failed to check under her hair which concealed the mini-cassette dictaphone.

42. Already, the situation was out of control, and way beyond the scope of what the Inspectors had requested of Ms. Riddle, who was frightened beyond words. Using a tape recorder attached to Ms. Riddle's back did not allow the Inspectors to monitor the situation contemporaneously as it unfolded.

43. On this particular occasion, Mr. Saunders forced Ms. Riddle to remain motionless while he performed oral sex on her.

44. Ms. Riddle, frightened and hurt, and wondering why no one interfered as promised, immediately returned to the Inspectors after the attack and explained everything that happened. The Inspectors could give no reason why there was no intervention on Ms. Riddle's behalf and could only apologize.

45. Eventually, Mr. Saunders was dismissed from his position as a correctional officer at Lowell Correctional Institute, and was finally criminally charged and, by virtue of a plea bargain, was convicted of inappropriate conduct with an inmate.

46. As a result of the events, claimant incurred injuries and damages for which this claim is now made. Claimant's injuries were proximately caused by wrongful acts or omissions of employees of the Department of Corrections and/or Lowell Correctional Institute while acting within the course and scope of their employment.

## GENERAL ALLEGATIONS

47. The policies of failing to properly train and supervise existing employees, or to hire sufficient number of employees, resulted in an atmosphere where employees could and did in fact smuggle in contraband, threaten, coerce, intimidate and abuse inmates like Plaintiff.

48. Correction officers were free to violate the constitutional rights of inmates due to the deliberate indifference of government officials responsible for the protection and care of inmates at Lowell Correctional Institution, as well as by the failure to these officials to provide reasonable and effective policies and procedures to protect the inmates.

49. There were areas of the jail that were unsupervised except for a single guard that could, and on many occasions, did treat inmates with brutality.

50. For a long period of time the conditions of the jail were such that it was overcrowded and understaffed, which resulted in the failure to supervise the actions of the correction officers, and posed an immediate and serious threat to the safety of the inmates; the inadequate monitoring procedures made inmates highly vulnerable to assault by other

inmates or employees and staff, and inadequate hiring, screening, formal training and supervision, placed inmates at substantial risk of harm.

51. The lack of adequate procedures for reporting incidents by inmates, and the failure to properly investigate and monitor ongoing situations compounded the threat to the inmates.

52. Plaintiff fully cooperated in the investigation of the incident leading up to her rape, which resulted in criminal charges being filed against Defendant, TROY SAUNDERS.

53. Defendant Saunders plead guilty to Sexual Misconduct of a State Corrections Officer was sentenced, and is presently on probation.

## CAUSES OF ACTION

Based on the foregoing, Plaintiff claims against the Defendants as follows :

## COUNT I - VIOLATION OF THE UNITED STATES CONSTITUTION CRUEL AND UNUSUAL PUNISHMENT AND EQUAL PROTECTION

### Eighth & Fourteenth Amendment Claims

### 42 U.S.C. §§ 1981 *et seq.* &1983 *et seq.*

54. Defendants, DOC, Michael Moore, Inspector General, Walt Murphree and Chris Sutherland, through their supervisors, agents and servants have long been on notice of conditions at the Lowell Correction Institution.

55. That the said Defendants were deliberately indifferent to, and subsequently allowed a known climate of inmate abuse without taking appropriate action against Correction Officers who continually violated policy in regard to the supervision of inmates.

56. That this continued deliberate indifference, lack of discipline, lack of

supervision, and lack of oversight over officers who committed violence or abuse of inmates created a culture of violence that directly caused a violation of constitutional rights against inmates in general and Plaintiff in particular.

57. Correction Officers were free to violate the constitutional rights of inmates without having any concern of disciplinary action being taken against them.

58. Despite their duty for the protection, health, safety, and welfare of Plaintiff, the Defendants deprived Plaintiff of her rights under the Fourth, Fifth, and Eighth Amendment, all made applicable to the states by the Fourteenth Amendment of the United States Constitution, by their acts and omissions set forth above, wherein they engaged in a pattern and practice of policymaking, supervision, investigation, and management that placed the inmates at substantial risk for harm and for assaults such as the one herein. Said acts were also violative of Florida Statutes §794.011 (Sexual Battery) §944.35 (Sexual Misconduct of a State Corrections Officer) both actionable in civil court under §772.104.

59. The pattern and practices set forth above caused direct and proximate injury to Plaintiff. Plaintiff suffered physical pain, great humiliation, embarrassment, and mental anguish.

60. The above mentioned constitutional deprivation was not an isolated incident.

61. As a direct result of the unconstitutional acts of Defendants, Plaintiff suffered severe physical and psychological injury and pain, great humiliation, embarrassment, and mental anguish for which she is entitled to be compensated.

**COUNT III - VIOLATION OF 42 U.S.C. §1981 *et seq.* AGAINST SAUNDERS**

62. This cause of action is brought by Plaintiff against Saunders for his willful,

wanton and malicious use of authority and force under law that deprived Plaintiff of constitutionally protected rights under the Eighth, and Fourteenth Amendments of the United States Constitution .

63. At all times relevant thereto, Saunders was acting under color of law as a correctional officer of the Lowell Correctional Facility.

64. By using sexual force under threat of injury, punishment or reprisal, Defendant Saunders violated Plaintiff's rights under the Fourth Fifth and Eighth Amendments to the Constitution of the United States made applicable to the states by the Fourteenth Amendment. Said acts were also violative of Florida Statutes §794.011 (Sexual Battery) §944.35 (Sexual Misconduct of a State Corrections Officer) both actionable in civil court under §772.104.

65. Saunders, while acting in his capacity as a Corrections Officer and under the color of law, did willfully, intentionally, and maliciously use excessive force to assault, injure, batter and molest Plaintiff without any just cause.

66. As a direct and proximate result of Saunders' acts aforesaid, Plaintiff suffered physical pain, great humiliation, embarrassment, and mental anguish for which she is entitled to be compensated.

**COUNT V - State Law Claims Against Defendants DOC, Michael Moore, Inspector General, Walt Murphree and Chris Sutherland**

67. Defendants, DOC, Michael Moore, Inspector General, Walt Murphree and Chris Sutherland, deprived Plaintiff of her rights under the Florida Law by their acts and omissions set forth above, wherein they engaged in a pattern and practice of policymaking,

supervision and management that placed the inmates at substantial risk for harm and for assaults such as the one herein .

68. Defendants deprived Plaintiff of her rights under the Florida Constitution by their deliberate indifference to the substantial risk of serious harm to inmates.

69. Said Defendants were negligent in their policy, procedure, and practices and failed to adequately hire, train and supervise the Lowell Correctional Institution officers and staff, and the Inspector Generals, their operation, their management, and their staff.

70. Said Defendants were on notice of the dangerous conditions caused by overcrowding and under-staffing the Lowell Correctional Institution, and specifically of instances of assaults on inmates, and failed to adequately supervise Troy Saunders and the other officers, and thereby exposed the Plaintiff and other inmates to a known risk of potential harm.

71. That Plaintiff was in the zone of foreseeable risk by the hiring practices, failure to train and supervise the corrections officers which the Defendants knew, or should have known, were a threat to Plaintiff and other inmates.

72. That the Defendants' duty to adequately supervise and protect Plaintiff from injury was breached by the continued failure to adequately supervise staff, including Troy Saunders, and that this negligence and indifference caused injury to Plaintiff through physical attack by Saunders upon Plaintiff .

73. As a result , Plaintiff suffered physical pain, great humiliation, embarrassment, and mental anguish.

WHEREFORE, Plaintiff, BETTY RIDDLE, by and through her undersigned counsel,

demands judgment for damages against the Defendants, jointly and severally, for compensatory damages; for compensatory and punitive damages against Defendant Saunders; attorneys fee and costs pursuant to 42 U.S.C. §1983 against all Defendants.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury for all claims so triable.

COLLINS, BROWN, CALDWELL, BARKETT & GARAVAGLIA, Chtd.
Trial Counsel
Attorneys for Plaintiff
756 Beachland Blvd.
Vero Beach, FL 32963
(772) 231-4343 Telephone
(772) 234-5213 Facsimile

_____
Aaron V. Johnson, Esq.
Florida Bar No.: 618098

Dated: ___Oct. 2___, 2009